IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEPHEN ARTHUR ROBINETTE,       )
                                )
            Petitioner,          )
                                )   1:17CV1132
      v.                         )   1:11CR400-1
                                )
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document entitled "Motion to Amend the Judgment" (Docket Entry 20). In it he seeks to attack the conviction or sentence he received in this Court by claiming that the Court did not have jurisdiction over his crimes and asking that his Judgment and indictment be dismissed. The document he filed is not a recognizable method for attacking his sentence. Instead, as the Court explained to him in connection with an earlier filing attacking his conviction or sentence, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, the Motion cannot be further processed for the following reasons:

1.    The Motion is not on the proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255

forms and correcting the defect of the present Motion.[1]  To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a claim under § 2255.

There are two other matters mentioned in Petitioner's filings which bear discussion. First, Petitioner submitted a letter in conjunction with his Motion, which the Court attached to the Motion as an exhibit.  In the letter, Petitioner states that his Motion is a legal filing, which the Court cannot refuse to file.  He also asks that if the Court does not file it, that it instead enter a notice of appeal to United States Court of Appeals for the Fourth Circuit. Petitioner additionally states that § 2255 forms are of no interest to him.  To be clear, the Court is not refusing to file his Motion.  Although the Motion is not proper in its current form, the Court is filing it, but simply treating it as a filing that would be proper, i.e., a motion under § 2255.  If Petitioner disagrees with this decision, he may file timely objections to this Recommendation and, if he chooses, file a notice of appeal after the eventual entry of an order and judgment in the case.  As for whether or not Petitioner has any interest in filing

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h).  However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits.  Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion.  28 U.S.C. §§ 2255(h) and 2244.  That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion.  See generally Castro v. United States, 540 U.S. 375 (2003).  If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided.  To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.  If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence.  He should not use the § 2255 forms in that instance.  Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

a motion under § 2255, that is his decision. However, if he wishes to attack his conviction or sentence, that is the proper avenue for doing so.

Second, Petitioner requests in his Motion that the Court appoint counsel to represent him. The Court will deny that request in light of the recommendation of dismissal. Petitioner may raise that request again if he files a proper motion under § 2255 in the future.

IT IS THEREFORE ORDERED that Petitioner's request for counsel is denied and that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed, treated as a Motion under § 2255, and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 21st day of December, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**