

In the United States District Court
For The Middle District of North Carolina

UNITED STATES OF AMERICA, Case No. 1:11CR400-1
   Plaintiff

vs.                           Motion to Reduce sentence
                              Pursuant To 18USC§3582(c)(1)

Stephen Arthur Robinette
   Defendant

Comes now the defendant, Stephen Arthur Robinette, prose respectfully moves this court pursuant to the newly-amended 18USC§3582(c)(1)(A) for an order reducing his sentence to time served based on his classification, Debilitated Medical condition and elderly due to the covid 19 outbreak at the Butner institution where he lives.

In United States v. Sawicz, 08-cr-287(ARR) (E.D.N.Y. Apr. 10, 2020), The court found that "even where administrative exhaustion is seemingly mandated by statute or decisional law, the law is not absolute." Washington v. Barr, 925 F.3d 109, 118 (2nd. Cir. 2019) "The court may waive an administrative exhaustion where exhaustion would be futile,... where the administrative process would be incapable of granting adequate relief or where pursuing agency review would suggest [the person seeking relief] to undue prejudice

Further, undue delay if it in fact results in catastrophic health consequences, can justify exhaustion requirement for any of those three reasons.

Pursuant to the First Step Act, the court has the jurisdiction to determine whether "extraordinary and compelling reasons" warrant a sentence reduction after consideration of sentencing factors under 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statement on reduction of sentence in U.S.S.G § 1B1.13. Because defendant's circumstances fall within the Sentencing Commission's standards for reduction of sentence as described in the Application Notes of USS § 1B1.13, he respectfully requests that the court grant the requested sentence reduction to time served and modify the terms of supervised release.

## Jurisdiction

On December 21, the president signed the First Step Act. Among the criminal reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for the reduction of sentence.

## Sentence Reduction Authority Under 18 U.S.C. § 3582(c)(1)(A)(i)

This court has discretion to reduce the terms of imprisonment imposed in this case based on § 3582(c)(1)(A) which states in relevant part that the court "may reduce the terms of imprisonment, after consideration" of the

factors set forth in section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such reduction [..] Pursuant to the requirements of 28 U.S.C. § 994(t), as authorized by 28 U.S.C. § 994(a)(2)(c), The Sentencing Commission promulgated a policy statement that sets out the criteria and examples of "extraordinary and compelling reasons" in USSG §1B1.13 that include defendants circumstances.

The defendant is two months away from being eighty years old and suffers from continuing & declining pulmonary function with severe reduction in diffusion. Given the progressive nature of this disease, a lung transplant evaluation and compassionate release is recommended given the natural history of I.P.F. (median survival 2-3 yrs.). Dr. Maude said he would never get better only worse. Now the Covid-19 threat to one with his malady has him and his family very concerned. He motivates by wheelchair and is on 24/7 oxygen concentrator and ambulatory oxygen. Due to passing out with lack of oxygen to the brain he is discouraged from standing even in shower.

He has a low recidivism risk level. Has served almost ten years of his sentence. His daughter & son-n-law have a place readied for him and are more than willing to be care givers. Probation in Mecklenburg county has been in contact with his daughter and assurances given that there would be no problems with the environment.

## Factual and Procedural Background

Defendant has been in custody in connection with the charges he pled guilty to at the urging of his appointed council, seemingly an honest and upright attorney but the defendant feels it was a mistake due to the fact that the court was not made aware of the successes in the field of sculpture. He was presented first place in a state wide 3-d award. He has work on loan in several museums. His attorney advised him to not tell the court he was an artist. He insists on his innocence.

During the past ten years, his health has degenerated due to the problems associated with a military AFSC of fuel systems which produced a severe attack of hemoptysis and hemorrhage while in their service for five years. The toxicity of the J-P-4 jet fuel ate the linings of his lungs and now He has C.O.P.D., emphysema, peripheral artery disease, his gift to his country.

As part of the First Step Act that President Trump signed on December 21, 2018, Congress removed a major obstacle from judicial review of sentences to determine whether conditions listed under Compassional Release made a sentence reduction "sufficient, but not greater than necessary", under 18 USC § 3553(a). Under this Act, this court is afforded jurisdiction to make the § 3553(a) determination of whether Defendants years in prison, in light of his age, illnesses and other debilitating conditions, sufficient, but not greater

than necessary," to accomplish the goals of sentencing.

### Release Information

Caregiver: Yvette Cain (daughter)
3301 Hubbard Rd
Charlotte, N.C. 28269
Phone 919 627-1134

### Conclusion

For the foregoing reasons, defendant respectfully requests that the court grant reduction in sentence to time served and ammend the conditions of supervised release amidst the heightened vulnerability caused by the Covid 19 pandemic.

Respectfully submitted this the 18th day of May 2020

Stephen B. Robinette
defendant
Pro se

### Certification and personal oath

I hereby certify that all statements contained herein are true and correct to the best of my knowledge. I understand that any intentional misstatements of material facts contained in this motion may cause adverse action on

my Compassionate Release and may subject me to criminal prosecution.

Respectfully submitted this the 10 day of May 2020.

Stephen A Robinette
Defendant's Signature

## CERTIFICATE OF SERVICE

I, Stephen Arthur Robinette, hereby certify, proceeding pro se, that on May 10, 2020, a true and correct copy of the foregoing instrument was delivered to Prison Authorities for mailing to the party listed below by placing same in an envelope with first-class postage prepaid United States Mail. This instrument is deemed filed on the date it was deposited for mailing via legal mail in the institutional mailbox located at the Low Security Correctional Institution in Butner, North Carolina.

Party Addressed to:

United States District Court
Middle District of North Carolina
324 W. Market St. Ste. 1
Greensboro, N.C. 27401-2513

I hereby swear under penalty of perjury, 28 U.S.C. § 1746, that the foregoing is true and correct.

Respectfully Submitted
Stephen A. Robinette
Stephen Arthur Robinette
28177-057

RIS Consideration ▆▆▆▆▆▆▆ US DISTRICT COURT

In my jingoistic youth, my newly installed President in his inaugural address said, "ask not what your country can do for you; ask instead what you can do for your country." So I climbed into the wet wing of a B-52G Bomber as Strategic Air Command became involved in the Cuban Missile Crisis and gave my lungs and pulmonary functions to my country. The JP-4 jet fuel was the culprit of the toxicity which diminished my respiratory capacity and caused the Hemoptysis. I hemorrhaged from my lungs until I was Medivaced to Womack Army hospital where I was pronounced D.O.A. I was subsequently revived on the flight line but remained on the critical list for thirty seven days and hospitalized for months before being offered a medical discharge which due to patriotic pride and esprit de corps, I declined.

I have suffered in silence for years to discover pain is not recognized in silence. One must cry out for help, thus this application. My prayerful supplications have to date gone unanswered. My simple request is that my last pulmonary circulation is accomplished not incarcerated, but at home with my family. I don't wish to die in prison nor do I wish to live in prison.

Supreme Court Chief Justice Berger said, "The way a society treats those who have transgressed against it is evidence of the essential character of that society." It is my hope that the best intentioned application of power and authority, with empathy, are used when making a decision on my worthiness of Reduction In Sentence.

Due to antiquated medical procedures in child birthing in 1940, one of the greatest mothers on Earth was limited to one child only and that would be me. Yes I was spoiled by excessive attention by both parents but in a loving and supportive manner.

I followed suit with my children. We designed and played games to instill and enhance morals, fairness, character, empathy, understanding, vocabulary, and such, not to engage in intellectual exhibitionism or pedantry but to enable humble personal growth. The longest and my favorite word I can remember from those days is "philoprogenitiveness" or the instinctive love of off-spring. I truly do not wish my legacy to be that I died as an octogenarian at Butner F.C.C.

According to NASA a human needs 588 liters of oxygen per day to live and needs to be able to push out the $CO_2$. My doctor tells me my emphysema and COPD are defeating both functions. My diminished capacity in the area of memory and logic are quite noticeable to me.

I have breathed for nine years air from HVAC duct work in the units that is decades old and never cleaned. The toxicological effect of never removing the bacterial contamination to render a more antiseptic atmosphere or at least reduce dust content. The air handling equipment is incapable of reducing the amount of germs spread by one hundred fifty men breathing in and expelling the same air day after day. I know I would be healthier in the environment of my daughter's home.

I try to control my incessant coughing to enable my cellmates and neighbors to get a little sleep, but to no avail. They try to be very understanding but I know they would prefer I was elsewhere, as would I.

I can't help from temporarily loosing consciousness during my coughing spells. I know from my doctor the future is not too bright and that I will not get better, I will only become more incapacitated. Due to my inability to remain conscious when coughing spells are severe and the fact that my head always seems to be the first thing that hits the floor, I have been restricted to a wheelchair and not allowed to stand for any extended periods. I do have a concentrator for continuous oxygen and a portable tank when I am in my wheelchair away from my concentrator.

I am not above groveling to have an impact with the seriousness of my desire that my demise not happen while I am incarcerated.

I realize the First Step Act has increased your work load and for that I am sorry but I am so appreciative for the opportunity to be considered for relief of R.I.S. because it is difficult for an aged man with chronic maladies to survive in prison.

Sincerely,

Stephen Robinette
28177-057